UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL an individual, | ) ) ) |
| Plaintiff, | ) CASE NO.: ) |
| vs. | ) ) |
| CLOCKTOWER LAGRANGE SHOPPING CENTER, LLC, a Georgia Limited Liability Company, | ) ) ) ) |
| Defendant. | ) ) |
| _____/ | ) |

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues CLOCKTOWER LAGRANGE SHOPPING CENTER, LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4. MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia.  She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking.

6. Defendant, CLOCKTOWER LAGRANGE SHOPPING CENTER, LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia.  Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the

Property, known as Clock Tower, located at 1510 Lafayette Parkway, LaGrange, Georgia 30241.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Troup County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a shopping center, is open to the public and provides goods and services to the public.

10. MS. FARRELL has visited the Property and attempted to utilize the facilities offered at the Property.

11. While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which Plaintiff personally encountered and observed:

    A.    Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property such as near Keum Soo Kang San Korean Restaurant, Juanito's Restaurant and Banzai Japanese Steak House due to a lack of any signage to designate the spaces exclusively for disabled use. This made it difficult for the Plaintiff to identify the disabled use parking spaces during her visits.

    B.    Plaintiff encountered inaccessible curb ramps throughout the Property such as near Juanito's Restaurant, Keum Soo Kang San Korean Restaurant and Banzai Japanese Steak House due to excessive running slopes over 1:12, excessive side flare slopes over 1:10, cross slopes over 1:48, disrepair and failure to create a smooth transition between the ramps and the parking lot pavement. These issues made it difficult and dangerous for Plaintiff to maneuver over the poorly designed ramps and increased her changes of a fall.

    C.    Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to slopes in excess of 1:48 within

the parking spaces and their adjacent access aisles. This issue made it difficult and dangerous for Plaintiff to transfer into and out of a vehicle and increased her risk of a fall.

  D. Plaintiff encountered an inaccessible parking space designated for disabled use near Banzai Japanese Steak House due to a narrow access aisle which is less than 60 inches wide. This issue made it difficult and dangerous for Plaintiff to transfer into and out of a vehicle and increased her risk of getting injured by vehicular traffic in the parking lot.

  E. Plaintiff encountered an inaccessible parking space designated for disabled use near the Keum Soo Kang San Korean Restaurant because the curb ramp is located directly in front of the ADA parking space whereby one's own vehicle obstructs the ramp. This issue rendered the curb ramp at this disabled use parking space completely unusable for Plaintiff.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property because she enjoys the shops located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily

achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant. Moreover, but for the numerous barriers to access at the Property, Plaintiff would patronize the Property more often.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against CLOCKTOWER LAGRANGE SHOPPING CENTER, LLC, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time

so as to allow DEFENDANT to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

By: */s/ John A. Moore*
    KU & MUSSMAN, P.A.
    Attorney for Plaintiff
    John A. Moore, Esq.
    Georgia Bar No.: 519792
    Of Counsel
    The Moore Law Group, LLC
    1745 Martin Luther King Jr., Drive
    Atlanta, GA 30314
    Tel.: (678) 288-5601
    Fax: (888) 553-0071
    Email: jmoore@moorelawllc.com